COWART, Judge.
This case involves the operation of section 30.19, Florida Statutes (1985), which authorizes the forfeiture of $100 from sheriffs or deputies who fail to execute process without good cause.
A partnership filed an action against a corporation. A writ directed to the corporate defendant was delivered to the sheriff’s office of Seminole County for service. See § 30.15(2), Fla.Stat. (1985). A deputy took the writ to the address of “Patricia A. Cooenhave,” the listed name of the corporation’s registered agent. A woman at that address identified herself as Patricia Copenhaver. Mrs. Copenhaver stated that she had been fired by the corporation one or two years ago. The deputy did not serve the writ, stating on the return:
Subject refused service. Name is incorrect; should be Copenhauer [sic]. Also stated that no longer associated with the corporation, fired from corporation over a year ago.
The plaintiff-partnership filed a “motion for forfeiture” against the sheriff of Seminole County, which the county court granted. The sheriff appealed, and the circuit court reversed. The partnership now petitions this court for a writ of certiorari.
The sheriff's role in serving process is ministerial in nature. Process cannot be “refused” by the party to whom it is directed. By not serving the writ, the deputy in effect determined that the supposed defects made the writ invalid. The deputy should have served the writ and noted any *513 alleged defects on the return. It is a function of the judiciary to determine if service of process is jurisdictionally defective. If process is defective, but the party served has been given effective notice of the action, any objection as to the defective process should be submitted to the court by motion or in a responsive pleading. See Fla.R.Civ.P. 1.140(b). If a party to whom process is directed could raise alleged defects before the process server, the system could be easily abused by those who wish not be served.
The circuit court departed from the essential requirements of law in reversing the county court’s order of forfeiture. We therefore grant the petition, issue the writ of certiorari, and quash the circuit court order.
DAUKSCH and SHARP, JJ., concur.